IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY PETERSON,<br><br>    Plaintiff,<br>v.<br><br>COMPLETE BUSINESS SOLUTIONS GROUP, INC., dba PAR FUNDING; and DOES 1 through 20 inclusive,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-582<br><br>District Judge Dale A. Kimball |

  Before the court is Defendant Complete Business Solutions Group, Inc. dba Par Funding (CBSG's) Motion to Dismiss for improper venue or in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of Pennsylvania. CBSG's motion to dismiss for improper venue is based on the application of a contractually-binding venue provision between the parties requiring any legal action on the parties' agreement be brought in court within the Commonwealth of Pennsylvania.

## BACKGROUND FACTS

  CBSG is a Delaware corporation which operates in Philadelphia, Pennsylvania and is in the business of providing non-conventional financing options to small and medium sized businesses through acquiring its clients' accounts receivables. Plaintiff Jeffrey Peterson is a resident of Alpine, Utah, and is the Executive Vice President of Orem, Utah based ActiveCare, Inc. ActiveCare is a health analytics and monitoring company.

  On or about April 17, 2017, CBSG entered into an agreement (the "Factoring Agreement") with ActiveCare whereby CBSG purchased future receivables of ActiveCare in accordance with the terms of the parties' agreement. As part of the agreement, Peterson

1

personally signed a Guaranty as owner/guarantor. The Factoring Agreement also contains a Venue provision, which states:

> 4.5 Binding Effect; Governing Law; Venue and Jurisdiction.
> Any suit, action, or proceeding arising hereunder, or the interpretation, performance, or breach hereof, shall if [CBSG] so elects, be instituted in any court sitting in Pennsylvania, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all obligations to jurisdiction or venue. Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by [CBSG] to transfer such proceeding to an Acceptable Forum.

On or about April 24, 2018, CBSG filed a Civil Action seeking Judgment in the amount of $1,772,095.63 for failure of ActiveCare and Peterson to cure default(s) on their obligations under the Agreement. On or about April 24, 2018, Judgment by Confession was entered in the Pennsylvania case against Peterson.

Peterson filed this case in Utah on or about July 2, 2018 seeking declaratory relief against CBSG finding that he did not breach the Agreement.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1406(a) "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The purpose of 28 U.S.C. § 1406(a) is to avoid dismissal merely because of "an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc., v. Heiman,* 369 U.S. 463, 465 (1962). A typical example of the problem to be avoided is where statute of limitations would bar a claim because of a mistake about proper venue. *Id*. at 466. "In civil cases, the question of whether a litigant has brought an action in the proper court is a question of law, while the question of whether to dismiss or transfer an action filed in an improper venue is within the district court's sound

discretion and reviewed for abuse of discretion only." *Ballesteros v. Ashcroft,* 452 F.3d 1153 (10th Cir. 2006).

**DISCUSSION**

Peterson opposes this motion to dismiss asserting that he personally is not subject to the venue provision in the factoring agreement. Peterson argues that the venue provision in Section 4.5 of the Factoring Agreement does not include him as a guarantor and therefore the venue provision does not apply to him.

Peterson cites *BioVeris Corp. v. Wohlstadter*, 69 F.Supp. 3d 574 (W.D.V.A. 2014) as persuasive authority. In *BioVeris* the court determined whether the guaranty was subject to the forum selection clause of an underlying agreement. The court found the following circumstances instructive: 1. Where the guarantor undertakes to perform all obligations contained in the underlying agreement, courts have construed the agreements together and incorporated the forum-selection clause into the guaranty; 2. When the same parties concerning the same subject matter are contemporaneously executed they will be read together; and 3. Whether the guaranty agreement refers to the contract whose performance is guaranteed. *Id*.

In analyzing these factors, the court finds that the venue provision favors dismissing this case without prejudice to refile in Pennsylvania. Peterson only disputes the first factor that the guarantor undertook to perform all obligations contained in the underlying agreement. He argues that he only personally guaranteed the representations and warranties made by ActiveCare and not any of the underlying obligations. As to the first factor, it is not settled whether the guarantor undertook to perform all the obligations in the agreement or was only guarantying the representations and warranties of ActiveCare. Deciding that the guarantee only applies to the representations and warranties made by ActiveCare would require the court to reach the merits of

3

the declaratory judgment claim and to issue an order contrary to the Judgment entered in the Pennsylvania case. The court finds that it is not necessary to determine whether Peterson personally guaranteed all ActiveCare's obligations because the other factors weigh heavily in favor of finding that the venue provision applies to Peterson.

As to the other two factors, Peterson concedes that the contracts concerned the same parties and were executed contemporaneously, and the agreements refer to one another. The Factoring Agreement and the guaranty were part of the same contract and share common pagination. The guaranty agreement and the Factoring Agreement also refer to one another multiple times. The language of the contract, the contemporaneous signing of the contract, and the interrelation of the contracts suggests that the parties intended to litigate any disputes involving the Factoring Agreement in Pennsylvania. Accordingly, the court finds that the Pennsylvania venue provision in the Factoring Agreement applies to Peterson in his capacity as a personal guarantor.

The parties have not expressed a preference in whether to transfer this case or to dismiss it without prejudice. The court therefore GRANTS CBSG's Motion to Dismiss without prejudice.

Dated this 16th day of October, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge